Wash, J.,
delivered the opinion of the Court.
The plaintiffs sued the defendant, in the Circuit Court, to recover the amount of a promissory note. The defendant craved oyer of the note sued on, demurred generally, and had judgment; to reverse which, the plaintiffs prosecute their writ of error in this Court. The promissory note sued on, as set out on oyer upon the record, is in these words: “ I do agree, that Henry Waddle won of me, some time last winter, seven hundred dollars, in loan office certificates, at gambling, at the house of Dr. Mitchell, which I promise to pay in six months. (Signed,) JAMES LOPER. St. Louis, July 12, 1823.»
Two questions present themselves for the consider ation of this Court.
First. Whether the note sued on, be a note or contract, within the provisions of an act for the prevention of vice and immorality, passed by the General Assembly for the late Territory of Missouri, and approved on the eighth day of January, eighteen hundred and fourteen. And, second, whether the consideration for which the note was given, be good and valid in law, to enable the plaintiffs to recover? The third section of the act referred to provides, that no person “shall set up or- keep any table or tables commonly called ABC, Faro Bank, E 0, Roulette, Equality, or any other kind of gaming table or tables, at which any game of chance may he played for money or property,” &c. And the fifth section of the same act declares, “all contracts, promises, notes, bills, bonds, and other assurances, and all mortgages, deeds, or conveyances, made or entered into by any person or persons whomsoever, in which the consideration for the same shall be for any money, goods, or chattels, won on any of the aforesaid tables, banks, or games,” utterly null and void in law. These are the only provisions that are considered as having relation to the subject, and fi'om them the Court feel no hesitation in saying, that the note is not necessarily within the statute. The term “gambling,” is a very general and comprehensive one, and it may well be, that the money was lost on a wager at some other game than those intended to be prohibited by the' statute. On the second point, the decisions of this Court in the eases of the State v. Graves, and the State v. Loper, are conclusive for the plaintiffs.
The judgment of the Circuit Court must, therefore be reversed, with costs, and the cause remanded to the Circuit Court to be proceeded in conformably to this opinion.